United States District Court
Southern District of Texas
**ENTERED**
May 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| JOSE VILLARREAL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Case No. 7:23-cv-00421 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the March 6, 2026, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray.  (Dkt. No. 53). Judge Bray made findings and conclusions and recommended that Defendant's Motion for Summary Judgment, (Dkt. No. 46), be granted, (Dkt. No. 53).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  On March 10, 2026, Plaintiff filed objections. (Dkt. No. 54).  Defendant responded on March 30, 2026.  (Dkt. No. 56).

Plaintiff objects to Judge Bray's M&R on the grounds that it erroneously evaluated the case "as a traditional notice-based slip-and-fall involving water on a restroom floor." (Dkt. No 54 at 1).  Instead, Plaintiff's objections assert, for the first time, a claim based on the "dangerous condition inherent in the premises itself."  (*Id.* at 3).  Defendant responds that M&R objections may not raise new legal theories or arguments that were not preserved at the summary-judge stage, and therefore, Plaintiffs failure to respond to

Defendant's summary-judgment motion or otherwise raise the issue constitutes waiver. (Dkt. No 56 at 2–5).

Defendant is correct. "[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994)). Plaintiff's First Amended Petition alleges traditional slip-and-fall claims arising from a wet bathroom floor. (*See* Dkt. No. 26). His failure to raise the independent-dangerous-condition claim in his Petition or otherwise present it at summary judgment is fatal.

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1)   Judge Bray's M&R (Dkt. No. 53) is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2)   Defendant's Motion for Summary Judgment, (Dkt. No. 46), is **GRANTED**.

2

It is SO ORDERED.

Signed on May 1, 2026.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**