United States District Court
Southern District of Texas
**ENTERED**
June 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| JOSE VILLARREAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 7:23-CV-00421 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a personal injury lawsuit arising from a slip and fall incident in a Wal-Mart store.  Plaintiff Jose Villarreal was a patron of Wal-Mart in Edinburg, Texas, who slipped and fell while in the store's restroom after water had accumulated on the ground.  After the accident, Villarreal sued Wal-Mart Stores Texas LLC ("Walmart") in federal court.  On May 1, 2026, this Court granted summary judgment and entered a final judgment on recommendation of Magistrate Judge Peter Bray in favor of Walmart after Villarreal failed to respond to Walmart's motion.

Pending before the Court is Villarreal's Motion to Alter or Amend Final Judgment Pursuant to Federal Rule of Civil Procedure 59(e).  (Dkt. No. 59).  For the following reasons, the Motion is **DENIED**.

### I.    LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to seek alteration or amendment of a final judgment within 28 days after its entry.  Fed. R. Civ. P. 59(e).  It "serves the narrow purpose of allowing a party to correct manifest errors of law or fact

or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). To prevail on a Rule 59(e) motion, the movant must show either: (1) a manifest error of law or fact; (2) an intervening change in controlling law; or (3) the availability of new evidence not previously available. *Schiller v. Phys. Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Such motions are "an extraordinary remedy that should be used sparingly" and are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478–79.

## II.    DISCUSSION

Villarreal's Motion fails the Rule 59(e) standard and is nothing more than an attempt to repackage arguments he has already made and that this Court has already considered and rejected. Specifically, he alleges that the Court made a manifest error of law in ruling that he waived his "independent dangerous-condition claim" by asserting it for the first time in his objections to Judge Bray's Memorandum and Recommendations, (Dkt. No. 54), granting summary judgment for Walmart, (Dkt. No. 59 at 1–2). According to Villarreal, because his First Amended Petition, (Dkt. No. 26), makes reference to the unsafe conditions of the bathroom flooring and because Walmart and Judge Bray both considered the testimony of Villarreal's flooring expert at summary judgment—testimony that stated that the dangerous condition resulted from the "high-traction floor coupled with the presence of water"—the waived claim was already before the Court, (*see generally* Dkt. No. 59).

This argument fails.   As the Court has previously ruled, Villarreal's failure to timely raise the independent dangerous-condition claim waived that argument.  (*See* Dkt. No. 57).   Villarreal has presented no legitimate justification for why that ruling was manifest error.  The First Amended Complaint makes no reference to an independent dangerous-condition claim.  The allegations to which Villarreal cites in his Motion are general statements of the floor's unsafe conditions in line with a traditional slip-and-fall case and do not explicitly allege an inherent-condition claim.  Moreover, Villarreal failed to respond to Walmart's Motion for Summary Judgment, which the Court has already held resulted in a waiver. (Dkt. No. 57).  It is immaterial that Walmart's Motion discussed the testimony of Villarreal's expert as Villarreal failed to raise that claim himself prior to the Court's ruling on the Motion.  *See Cutrera v. Bd. Of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").   Rather than granting summary judgment "merely because a motion is unopposed" as Villarreal argues, (Dkt. No. 59 at 3), the Court granted summary judgment on de novo review after a magistrate judge accepted unopposed facts as undisputed, analyzed Villarreal's raised claims under Texas law, and concluded that Walmart met its burden under Federal Rule of Civil Procedure 56.

That Villarreal disagrees with this Court's decision to grant Walmart's Motion is not a justification to grant a Rule 59(e) motion.  *See Templet*, 367 F.3d at 478–79.  Therefore, and for the foregoing reasons, Villarreal's Motion to Alter or Amend Final Judgment Pursuant to Federal Rule of Civil Procedure 59(e), (Dkt. No. 59), is **DENIED**.

3

It is SO ORDERED.

Signed on June 12, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**